UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL R. JONES,

    Petitioner,

v.

ERIKA HUSS[1],

    Respondent.

Case No. 18-11587
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

## OPINION AND ORDER DENYING
## PETITION FOR A WRIT OF HABEAS CORPUS [1]

A Wayne County jury convicted Samuel Jones of a variety of firearm offenses. As a result, Jones is currently serving a term of imprisonment in the Michigan Department of Corrections. But because he believes his current incarceration is the result of a trial infected with errors of Constitutional significance, he petitions this Court for a writ of habeas corpus. For the reasons that follow, the Court denies Jones' petition.

**I.**

After taking his grandmother to the pharmacy to pick up her medication, Samuel Jones stopped at a party store. Inside, he absentmindedly left his phone on the front counter, and when he returned after shopping, it was gone. Jones was not pleased. He sought out the store manager to help him locate the phone, but a dispute escalated. The dispute led to police involvement. And once the police were on scene, they noticed Jones had a firearm in his car. It turned out Jones was not licensed to carry a firearm, and he had a prior felony. So officers arrested him.

---

[1] The Court amends the caption to reflect the current warden of petitioner's incarceration.

Eventually, Jones was charged with five felony counts. After a trial, a jury acquitted him of carrying a concealed weapon, Mich. Comp. Laws § 750.227. (ECF No. 14, PageID.779.) But he was convicted on counts of felon in possession of a firearm, Mich. Comp. Laws § 750.224f, felon in possession of ammunition, Mich. Comp. Laws § 750.224f(6), and possession of a firearm during the commission of a felony (felony firearm), second offense, Mich. Comp. Laws § 750.227b. (*Id.* at PageID.780.) In Michigan, a second conviction for felony firearm carries a mandatory five-year prison sentence. *See* Mich. Comp. Laws § 750.227b(1). And for his other convictions, Jones received two to five years' imprisonment to run consecutive to the five-year mandatory minimum. (ECF No. 14, PageID.797.)

Jones appealed. But the Michigan Court of Appeals affirmed his convictions. *People v. Jones*, No. 332238, 2017 WL 4077963 (Mich. Ct. App. Sept. 14, 2017). And the Michigan Supreme Court denied leave to appeal. *People v. Jones*, 910 N.W.2d 278 (Mich. 2018). Jones then filed this petition for a writ of habeas corpus. (ECF No. 1.)

**II.**

Jones' petition for habeas corpus relief is governed by the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2254. AEDPA restricts a federal court's power to upset a state criminal conviction. Habeas corpus relief is not appropriate on "any claim that was adjudicated on the merits" by a state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).

**III.**

Jones raises three claims. He says he was twice placed in jeopardy of a criminal conviction for the same offense. (ECF No. 1, PageID.2.) Then, during his trial, Jones points to one instance of prosecutorial misconduct to which his counsel failed to object, thereby rending ineffective assistance. (*Id.* at PageID.7.) None have merit.

Although the Warden urges the Court to find Jones procedurally defaulted some of his claims, the Court elects to skip to the merits because wading into procedural default unnecessarily complicates this case. *See Thomas v. Meko*, – F.3d –, No. 17-5824, 2019 U.S. App LEXIS 4458 (6th Cir. Feb. 14, 2019). On the merits, Jones is not entitled to habeas corpus relief. The Michigan Court of Appeals reasonably concluded that Jones was not denied the protections of the Double Jeopardy Clause, and reasonably rejected Jones' claims of prosecutorial misconduct and ineffective assistance of counsel.

**A.**

Jones says his trial was all set to go and a panel of prospective jurors was called into the courtroom. And all the prospective jurors received the voir-dire oath. Then the venire was whittled down to a panel of 12. Yet before the 12 jurors were empaneled and sworn for the trial, Jones' trial needed to be rescheduled. So the 12 jurors were dismissed, and the trial was reset. A few days later a new group of prospective jurors arrived. They, too, received the voir-dire oath. Once again, 12 jurors were selected, and the second panel was given the final juror's oath. The trial then started, and Jones was convicted. Jones' petition takes issue with the multiple jury panels and multiple oaths. Jones insists giving two voir-dire oaths to two different juries twice put him in jeopardy of a criminal conviction and so Jones' double-jeopardy rights were violated. (ECF No. 1, PageID.2.)

The Michigan Court of Appeals adjudicated Jones' double-jeopardy claim on the merits. *See Jones*, 2017 WL 4077963 at *2–3. The state court concluded that the voir-dire oath is not the same as the trial oath. Only the trial oath suffices to empanel and swear in a jury. *Id.* So Jones' first jury was never "empaneled and sworn" for the purposes of the Fifth Amendment. *Id.* at *3 (internal quotations omitted). Thus, jeopardy did not attach until the second jury received the trial oath. And as only one jury received the trial oath, Jones' double-jeopardy right was never implicated. *Id.*

Jones' argument that the voir-dire oath is enough to trigger double-jeopardy protection runs headlong into clearly established precedent holding otherwise. The Fifth Amendment's protection from double jeopardy only attaches once a jury is "empaneled and takes the oath." *United States v. Young*, 657 F.3d 408, 416 (6th Cir. 2011) (citing *Serfass v. United States*, 420 U.S. 377, 388 (1975)); *see also Downum v. United States*, 372 U.S. 734 (1963). And oath means trial oath because only at that point is a jury sworn to try the case and so only at that point is the defendant at risk of a criminal conviction. *See United States v. Green*, 556 F.2d 71, 72 (D.C. Cir. 1977). So the oath given at the outset of voir dire does not trigger any double-jeopardy protections. *Green*, 556 F.2d at 72 (citing *Serfass*, 420 U.S. at 388, 391–92).

Given the clearly established law, the state court's decision was on point. In Jones' case, his first jury was never given the trial oath and so Jones was not put at risk of a criminal conviction at that time. (ECF No. 14, PageID.262.) The trial court did give the trial oath to Jones' second jury. (ECF No. 14, PageID.502.) So at that time Jones was, for the first and only time, placed in jeopardy of a criminal conviction. Thus, the state court's conclusion was reasonable, and Jones cannot overcome § 2254(d). Habeas corpus relief is not appropriate on this claim.

**B.**

Next, Jones turns to an alleged instance of prosecutorial misconduct. (ECF No. 1, PageID.7.) At Jones' trial, four Detroit police officers testified to their versions of events. (ECF No. 14, PageID.512–627.) Then, when it came time to present his defense, Jones took the stand and told a different story. (ECF No. 14, PageID.642–674.) On cross examination, the prosecutor confronted Jones about the diametrically opposed accounts. (*See, e.g.*, ECF No. 14, PageID.667–668.) And in the course of cross, the prosecutor asked Jones to comment on the officers' credibility. (*Id.* at PageID.668) ("So, these Officers are just making up what they saw?") Jones agreed that he thought the officers were lying. (*Id.*) And Jones says the prosecutor's successful attempt to have Jones comment on the officers' credibility rendered the entire trial fundamentally unfair. (ECF No. 1, PageID.7.)

The Michigan Court of Appeals turned away Jones' prosecutorial misconduct claim. Although the state court reviewed Jones' claim for plain error, that review still counts as "on the merits." *Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017). On the merits, the state court agreed that the prosecutor erred when she asked Jones to comment on another witness's credibility. *Jones*, 2017 WL 4077963 at *5. But error aside, the prosecutor's line of questioning did not prejudice Jones. *Id.* Taking the trial record as a whole, the state court reasoned that because Jones made credibility a centerpiece of the case, the prosecutor's improper questioning was not harmful. *Id.* at *6. And the prosecutor's cross aside, the trial court made plain to the jurors that that they, and they alone, were charged with evaluating witness credibility. *Id.* at *8.

Success on a claim of prosecutorial misconduct requires the defendant clear a high bar. And on habeas corpus review, the bar is higher still. On habeas corpus review, prosecutorial "misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the

trial.'" *Byrd v. Collins*, 209 F.3d 486, 529 (6th Cir. 2000) (quoting *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997)).

Once more, the state court's conclusion was reasonable. The prosecutor's cross-examination was not so full of misconduct that it permeated the entire atmosphere of the trial. *See Davis v. Burt*, 100 F. App'x 340, 347 (6th Cir. 2004); *Knapp v. White*, 296 F. Supp. 2d 766, 778–79 (E.D. Mich. 2003); *Welch v. Burke*, 49 F. Supp. 2d 992, 1005–06 (E.D. Mich. 1999). Jones' trial strategy was to win a credibility contest. In his opening statement, Jones' counsel told the jury "all the allegations that are sometimes made by Police Officers, sometimes it's simply not true." (ECF No. 14, PageID.510–511.) From there, four police officers and Jones testified. Not surprisingly, Jones told a story that differed dramatically from the police officers' account. And in response to the prosecutor's cross, Jones had no problem agreeing that he thought the officers were lying. (ECF No. 14, PageID.667–668.) Then in closing, Jones' counsel again told the jury the police officers were lying. (ECF No. 14, PageID.738.) Thus, Jones tried to win the credibility contest by convincing the jury the police were not to be believed. So the prosecutor's attempt to get Jones to comment on the officers' credibility did not make the credibility contest fundamentally unfair.

In any event, how to referee a credibility contest was the main thrust of the trial court's instructions to the jury. (*Id.* at PageID.754–756.) And apart from the trial court's lengthy instruction on credibility, the court also told the jury they were to judge police officers' testimony by the same standard applied to any other witness. (*Id.* at PageID.761.) And lawyers' questions were not to be considered as evidence. (*Id.*) So, given the fact that the entire trial was a credibility contest, and given the trial court's detailed instructions to the jury, the state court reasonably

concluded that Jones could not show the prosecutor's cross ran afoul of Jones' due-process rights. Section 2254(d) bars habeas corpus relief on this claim.

## C.

Lastly, Jones says his lawyer provided ineffective assistance of counsel. Jones points to the prosecutor's questions Jones thinks were out of line and says his lawyer should have objected to them so as to prevent Jones from having to comment on the respective police officers' credibility.

Here, too, the state court reached the merits of Jones' claim. *Jones*, 2017 WL 4077963 at *7–8. And the state court concluded Jones could not overcome the presumption that his lawyer's decision not to object was a trial strategy. *Id.* Because Jones' counsel painted the trial as a credibility contest, the state court held that it made some sense to allow Jones to agree that the police officers were lying. *Id.* And the state court noted that Jones' counsel, in his closing argument, emphasized the police officers' lack of credibility. *Id.* So the state court deferred to Jones' counsel's trial strategy and refused to label his assistance ineffective. *Id.*

Ineffective assistance of counsel means a lawyer's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). However, on habeas corpus review, "it is not enough for [Jones] to overcome the strong presumption that [his lawyer's] representation was within the 'wide range' of reasonable conduct for counsel," which itself "'is never an easy task.'" *Hobbs v. Hooks*, 742 F. App'x 105, 110 (6th Cir. 2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)). Jones also has to show the Michigan Court of Appeals unreasonably applied *Strickland*. *Harrington*, 562 U.S. at 105. *Id.*

The Michigan Court of Appeals' application of *Strickland* was within the bounds of reason. The state court declined to second guess counsel's trial strategy. *See Strickland*, 466 U.S. at 689–690. As discussed above, Jones' counsel tried to convince the jury that the police officers were all

7

lying. So letting Jones' agree with the prosecutor that the police were liars fit right into the defense's theory. Accordingly, Jones is not entitled to habeas corpus relief on this claim.

## IV.

Jones' petition for a writ of habeas corpus is DENIED. (ECF No. 1.) And having found no merit to Jones' habeas corpus claims, the Court denies his requests for discovery and a hearing, (ECF Nos. 5, 16). *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001); *Sellers v. United States*, 316 F. Supp. 2d 516, 523 (E.D. Mich. 2004). Moreover, because reasonable jurists could not debate the Court's disposition of Jones' claims, and his claims do not "deserve encouragement to proceed further," the Court denies Jones a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). However, because an appeal could be taken in good faith, if Jones chooses to appeal, he may proceed in forma pauperis. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: March 4, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, March 4, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager